IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORRAINE SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  08-65 |
| | : | |
| ARGENT MORTGAGE COMPANY, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

**AND NOW,** this _____ day of July 2008, upon consideration of Plaintiff's Motion to Remand (Doc. 5), Defendant U.S. Bank National Association's Response thereto (Doc. 9), Defendant U.S. Bank National Association's Motion to Amend/Correct Notice of Removal (Doc. 8), and Plaintiff's Response thereto (Doc. 12), **IT IS HEREBY ORDERED and DECREED** that Plaintiff's Motion to Remand (Doc.5) is **GRANTED** and Defendant U.S. Bank National Association's Motion to Amend/Correct Notice of Removal (Doc. 8) is **DENIED**.

On December 7, 2007, Plaintiff, Lorraine Smith, filed suit against Defendants Argent Mortgage Company, LLC ("Argent"); Citigroup Mortgage Loan Trust, Inc. ("Citigroup Mortgage"); Challenge Financial Investors, Inc. ("Challenge Financial"); and U.S. Bank National Association ("U.S. Bank") in the Court of Common Pleas of Philadelphia County.  Plaintiff alleged common law fraud and violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f; and the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 Pa. Cons. Stat. §§ 201-1 to 201-9.3.  Service was effectuated on all Defendants by December 18, 2007.  See Doc. 10 (Certificate of Service as to all Defendants).

On January 3, 2008, Defendant U.S. Bank filed a Notice of Removal (Doc. 1).  At the time

of the filing of Notice of Removal, no defendant, other than U.S. Bank, had filed an entry of appearance or any responsive pleading. Further, the Court of Common Pleas docket did not reflect that service had been made on any other defendant. See Defendant's Motion at Exhibit A (Docket of Court of Common Pleas). On January 23, 2008, Plaintiff filed a motion to remand, citing U.S. Bank's failure to obtain the consent to removal of its co-defendants as required by the federal removal statute 28 U.S.C. § 1441(a).[1] Thereafter, U.S. Bank filed a motion for leave to amend/correct its notice of removal, seeking to cure the procedural deficiency and arguing that its failure to obtain the consent of its co-defendants is a waivable defect.

A defendant or defendants may remove a civil action filed in state court to the federal district court embracing the place where the action was filed provided that the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty (30) days of defendant(s) being served. Id. § 1446(b). A motion to remand the action due to a deficiency in the removal procedure must be filed within thirty (30) days of removal of the action. Id. § 1447(c). It is well-established that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). The removing defendant has the burden of establishing that removal was proper and demonstrating compliance with all pertinent procedural requirements. Batoff, 977 F.2d at 851 (citing Steel Valley, 809 F.2d at 1010); Buyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d cir. 1991). There exists a general rule of unanimity, which

---

[1] The federal removal statutes are found in 28 U.S.C. §§ 1441-1452.

requires all defendants to join the notice of removal in order for removal to be deemed proper. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); see also Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247 (1900) ("[I]f a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one."). There also exist exceptions to the general rule: (1) where the non-joining defendant is a nominal party, (2) where a defendant has been fraudulently joined, or (3) where the non-joining defendant was not served at the time the notice of removal was filed. Balazik, 44 F.3d at 213 n.4.

Here, U.S. Bank concedes that its co-defendants did not join in its notice of removal, but argues that this procedural defect should be waived because at the time U.S. Bank filed its Notice of Removal, no other defendant had made an entry of appearance nor filed a responsive pleading and since removal of this action, only one of its co-defendant, Argent, has entered an appearance, and that co-defendant has now consented to removal. See Defendant's Motion at Exhibits B and C (Docket of Court of Common Pleas and Argent's consent to removal, respectively). Further, U.S. Bank seeks leave to amend or correct its notice of removal to incorporate the lack of entry of appearance or filing of a responsive pleading in the state court action by any of its three co-defendants at the time its notice of removal was filed and its subsequent acquisition of the consent of Argent, the only co-defendant to enter an appearance since removal of the action.

U.S. Bank's argument is to no avail as none of the exceptions to the general rule of unanimity apply. U.S. Bank does not argue that the non-joining defendants were nominal parties nor that any defendant was fraudulently joined. At the time U.S. Bank filed its notice of removal, all defendants had been served and thus, all were required to consent to removal. Yet, U.S. Bank did not secure their consent prior to filing its notice of removal. Further, amendment of U.S.

Bank's notice of removal to reflect that none of its three co-defendants had entered an appearance or filed a responsive pleading prior to the filing of U.S. Bank's notice of removal, and its subsequent acquisition of the consent of one of its co-defendants, is insufficient to cure the procedural defect of lack of unanimous consent at the time of removal.  Because U.S. Bank did not obtain the consent of its co-defendants prior to filing its notice of removal and amendment of its notice would be futile, this Court grants Plaintiff's Motion to Remand and denies U.S. Bank's Motion to Amend/Correct Notice of Removal.  See Balazik, 44 F.3d at 213 (stating that if the proper removal procedures were not followed by the defendant, the court must remand the action to state court); Collins v. American Red Cross, 724 F. Supp. 353, 360 (E.D. Pa. 1989) (holding that where all defendants had been served, a co-defendant's failure to enter an appearance does not relieve the removing defendant of its duty to adhere to the unanimity requirement); Leuzzi v. Dollar Tree Stores, Inc., No. 05-4814, 2005 U.S. Dist. LEXIS 26701, at *6-7 (E.D. Pa. Nov. 4, 2005) (noting that "[t]he burden of removing a case to federal court rests solely upon the defendants" and granting the plaintiff's motion to remand because the removing defendant had failed to secure the consent of its co-defendants despite having been aware that the non-joining defendants were parties to the case at the time of filing of its notice of removal).

    **IT IS FURTHER ORDERED** that the above-captioned case is **REMANDED** to the Court of Common Pleas of Philadelphia County.  The Clerk of the Court shall return the record in this case to the state court and mark this action as **CLOSED**.

                                                  **BY THE COURT:**

                                                  **/s/ Petrese B. Tucker**
                                                  _____
                                                  **Hon. Petrese B. Tucker, U.S.D.J.**